# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK MOISES LUCAS RAMIREZ, et al., | Case No. 1:22-cv-01623-SKO |
| Plaintiffs, | |
| v. | **ORDER DIRECTING PLAINTIFFS TO FILE SUPPLEMENTAL BRIEFING RE MOTION FOR DEFAULT JUDGMENT** |
| MICHAEL COOKSON CONSTRUCTION, INC. and MICHAEL SHERMAN COOKSON, | **21 DAY DEADLINE** |
| Defendants. | |

Pending before the undersigned is Plaintiffs Erick Moises Lucas Ramirez, Isidro Jeronimo Gomez, and Diego Matzar Mendez's motion for default judgment against Defendants Michael Cookson Construction and Michael Sherman Cookson.[1] (Doc. 12). No opposition to the motion has been filed. (*See* Docket.)

Plaintiffs allege that during their employment Defendants violated various federal and state labor laws, including failure to pay minimum wage and overtime, failure to pay waiting time penalties, failure to provide rest breaks, and failure to provide complete wage statements. (Doc. 1 ¶¶ 24–180.) Plaintiffs request entry of judgment in their favor on these claims in the amounts of $108,992.20 to Plaintiff Ramirez; $54,800.00 to Plaintiff Gomez; and $54,800.00 to Plaintiff

---

[1] The motion for default judgment is referred to the undersigned by E.D. Cal. Local Rule 302(c)(19) for the entry of findings and recommendations to the to-be-assigned district judge. *See* 28 U.S.C. § 636(b)(1)(B).

1 | Mendez. (Doc. 12 at 3.)

2 |     In support of their motion for default judgment, Plaintiffs attach declarations and spreadsheets, broken down by workweek, listing: average hours worked per week; hours worked in excess of 40 hours per week; hourly wage; minimum wage per hour; unpaid minimum wage; unpaid overtime wage; weekly wage; wage paid; and [Fair Labor Standards Act] liquidated damages. (*See* Doc. 12 at 9–30.) The undersigned has reviewed the declarations and the spreadsheets attached thereto and finds that further explanation is warranted, as set forth below.

    Plaintiffs allege that they were not paid the minimum wage required under the Fair Labor Standards Act and California law. (Doc. 1 ¶¶ 16, 45, 91, 137.) "Employers must pay employees the federal minimum wage, or the state minimum wage if it exceeds the federal minimum wage." *Tenorio v. Gallardo*, No. 1:16-cv-00283-DAD-JLT, 2019 WL 338220, at *3 (E.D. Cal. Jan. 28, 2019) (citing 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter...") and Cal. Lab. Code § 1182.12 (setting state minimum wage)).

    Plaintiffs' spreadsheets list a fixed minimum wage of $14.00 per hour for the time period from 2020 to 2022. (*See id*.) However, the minimum wage in California varies per year and depends on the number of employees the employer employs. *See* Cal. Lab. Code § 1182.12. Here, it is unclear why (1) a minimum wage of $14.00 per hour should apply to these defendants, and (2) it be fixed for the three years at issue.

    It also appears Plaintiffs calculated their damages using not the state-mandated hourly minimum wage, but their ***regular*** hourly wage rate instead, which is substantially higher. (*See* Doc. 12 at 15, 20, 25 (using hourly rates of $20, $25, and $25, respectively).) Plaintiffs have not provided any authority to support this as an appropriate calculation for unpaid minimum wage damages under the FLSA and California law. In the absence of such substantiation, the undersigned cannot recommend awarding the full amount sought for these claims.

    Accordingly, IT IS HEREBY ORDERED that **within twenty-one (21) days** of entry of this order, Plaintiffs SHALL file supplemental briefing, together with supplemental declarations and

spreadsheets, if appropriate, addressing the issues identified herein.

IT IS SO ORDERED.

Dated:   **June 22, 2023**                              /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE