1

2

3

# UNITED STATES DISTRICT COURT

4

### EASTERN DISTRICT OF CALIFORNIA

5

6

ERICK MOISES LUCAS RAMIREZ, et al.,

7

Plaintiffs,

8

v.

9

MICHAEL COOKSON CONSTRUCTION,

10

INC. and MICHAEL SHERMAN COOKSON,

11

Defendants.

12

_____/

Case No.  1:22-cv-01623-SKO

**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT BE GRANTED IN PART AND DENIED IN PART**

(Doc. 12)

**OBJECTIONS DUE: 21 DAYS**

Clerk to Assign District Judge

13

14

## I.   INTRODUCTION

15

16

On May 11, 2023, Plaintiffs Erick Moises Lucas Ramirez ("Plaintiff Ramirez"), Isidro

Jeronimo Gomez ("Plaintiff Gomez"), and Diego Matzar Mendez ("Plaintiff Mendez")

17

(collectively, "Plaintiffs") filed a motion for default judgment against Defendants Michael Cookson

18

Construction ("Defendant MCC") and Michael Sherman Cookson ("Defendant Cookson")

19

(collectively, "Defendants"), pursuant to Fed. R. Civ. P. 55(b)(2).  (Doc. 12).  No opposition to

20

either motion has been filed.  (*See* Docket.)  The Court reviewed the parties' papers and all

21

supporting material and found the matter suitable for decision without oral argument, pursuant to

22

E.D. Cal. Local Rule 230(g).  (Doc. 15.)  The hearing set for June 21, 2023, was therefore vacated.

23

(*Id.*)

24

For the reasons set forth below, the undersigned recommends that the motion for default

25

judgment be granted in part and denied in part.[1]

26

27

28

---

[1] The motion for default judgment is referred to the undersigned by E.D. Cal. Local Rule 302(c)(19) for the entry of findings and recommendations to the to-be-assigned district judge.  *See* 28 U.S.C. § 636(b)(1)(B).

## II.     BACKGROUND

Plaintiffs allege they were employed by Defendant MCC and its alter ego Defendant Cookson as drivers and general laborers from June 2020 to August 2022.  (Doc. 1 ¶¶ 13–23.)  On December 20, 2022, Plaintiffs filed this lawsuit alleging that during their employment Defendants violated various federal and state labor laws, including failure to pay minimum wage and overtime, failure to pay waiting time penalties, failure to provide rest breaks, and failure to provide complete wage statements.  (Doc. 1 ¶¶ 24–180.)

On February 15, 2023, Defendant Cookson was personally served with this lawsuit, and Defendant MCC was served through its registered agent, Defendant Cookson.  (*See* Docs. 5, 7.) Neither Defendant has filed an answer or taken any action indicating that they intend to defend the suit.

Plaintiffs requested entry of default against Defendants on March 28, 2023, which was entered by the Clerk of Court that same day.  (*See* Docs. 9 & 10.)  On May 11, 2023, Plaintiffs filed the present motion for default judgment, requesting entry of judgment in favor of Plaintiffs in the amounts of $108,992.20 to Plaintiff Ramirez, $54,800.00 to Plaintiff Gomez, and $54,800.00 to Plaintiff Mendez.[2]  (Doc. 12 at 3.)  Plaintiffs also seek an award of $4,130 in attorney's fees and costs.  (*Id*.)  As noted above, no opposition to the motion for default judgment has been filed.

## III.     LEGAL STANDARD

Granting or denying default judgment is within the court's sound discretion.  *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d. 1089, 1092 (9th Cir. 1980).  The court is free to consider a variety of factors in exercising its discretion.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Among the factors that may be considered by the court are: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

---

[2] The declarations filed in support of the motion seek an additional $5,000 each for Plaintiffs Gomez and Mendez, however. (See Doc. 12 at 16–17 (requesting a total of $59,800.00 for Plaintiff Gomez); *id*. at 21–22 (requesting a total of $59,800 for Plaintiff Mendez).)

*Eitel*, 782 F.2d at 1471–72 (citing 6 MOORE'S FEDERAL PRACTICE ¶ 55–05[2], at 55–24 to 55–26).

## IV.    DISCUSSION

In considering Plaintiffs' motion, the undersigned will address each of the *Eitel* factors in turn below.

### A.    Factor 1: Possibility of Prejudice

If default judgment is not entered, Plaintiffs will effectively be denied a remedy until Defendants participate and make an appearance in the litigation—which may never occur.  Denying Plaintiffs a means of recourse is, by itself, sufficient to meet the burden imposed by this factor.  *See Philip Morris USA, Inc. v. Castworld Prods., Inc*., 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("prejudice" exists where the plaintiff has no "recourse for recovery" other than default judgment). Consideration of this factor weighs in favor of granting Plaintiffs' motion.

### B.    Factors 2 & 3: Merits of Plaintiffs' Claims and Sufficiency of Complaint

The second and third *Eitel* factors, relating to the merits of Plaintiffs' claims and the sufficiency of the complaint, can be discussed in tandem.  *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together.").  "[T]he general rule is that well-pled allegations in the complaint regarding liability are deemed true." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The Court finds that these factors are satisfied as to all of the claims in the complaint, as discussed below.  "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important."  *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (internal quotation marks and citation omitted).  Thus, Plaintiffs' satisfaction of the second and third *Eitel* factors weighs strongly in favor of default judgment.

#### 1.    Unpaid Wages Under the FLSA

Claim 1, brought by Plaintiff Ramirez alone, alleges failure to pay overtime wages under the FLSA, which provides for overtime wages of not less than time and a half for hours worked in excess of 40 hours in a workweek.  29 U.S.C. § 207(a).  Claims 3, 9, 15, brought by Plaintiffs Ramirez, Gomez, and Mendez, respectively, allege failure to pay minimum wages under the FLSA.

29 U.S.C. § 206(a).  "To establish a minimum-wage or overtime violation of the FLSA, Plaintiffs must establish three elements: (1) [they were] an employee of Defendants, (2) [they were] covered under the FLSA, and (3) Defendants failed to pay [them] minimum wage or overtime wages." *Smith v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020).

With respect to the first element, that the plaintiff was an employee of the defendant, the Ninth Circuit has held that "the definition of 'employer' under the FLSA is not limited by the common law concept of 'employer,' but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Lambert v. Ackerley*, 180 F.3d 997, 1011-12 (9th Cir. 1999) (internal quotation marks and citation omitted).  For example, "[w]here an individual exercises control over the nature and structure of the employment relationship, or economic control over the relationship, that individual is an employer within the meaning of the Act, and is subject to liability."  *Id*. at 1012 (internal quotation marks and citation omitted).

Here, the complaint alleges that each of the defendants was an employer of Plaintiffs within the meaning of the FLSA.  (*See* Doc. 1. ¶¶ 10–12, 29.)  Plaintiffs allegedly were employed by Defendant MCC, which is the alter ego of Defendant Cookson, *see id*. ¶¶ 10, 19–23, and Defendant Cookson allegedly exercised control over the employment relationship, *see id*. ¶¶ 11, 12.  The undersigned finds the complaint's allegations, taken as true, to be sufficient to establish the first element of the FLSA claims.

With respect to the second element, that the plaintiff was covered under the FLSA, an individual is covered under the FLSA if the individual "works for an enterprise engaged in commerce."  *Smith*, 441 F. Supp. 3d at 841.  The complaint alleges that Defendants provide residential and commercial remodeling services and were employers covered by the FLSA.  (Doc. ¶¶ 10, 11, 25, 26.)  The undersigned finds these allegations sufficient to satisfy the second element of the FLSA claims.

With respect to the third element, that Defendants failed to pay the plaintiff minimum or overtime wages, the complaint alleges that: "Throughout the course of Plaintiff [Ramirez]'s employment with Defendants, Defendants regularly scheduled and directed Plaintiff [Ramirez] to work over forty (40) hours per week," Doc. 1 ¶ 33; "Defendants willfully, intentionally, and with

reckless disregard failed to pay Plaintiff [Ramirez] the minimum wage for all his/her hours worked in violation of the FLSA," *id*. ¶ 34; and "Defendants failed to pay Plaintiff[s] [their] earned wages . . . and instead paid [them] $0 per hour . . . Defendants failed to pay Plaintiff[s] the legal minimum wage," *id*. ¶¶ 45, 91, 137, .  While these allegations set forth Plaintiffs' theory of recovery and the general outlines of their claims, they are not sufficient on their own.  However, as discussed below, the allegations of the complaint combined with evidence in the record is sufficient to satisfy the second and third *Eitel* factors.

To establish a failure to pay minimum wages in violation of the FLSA, the employee must show that in a given work week, the total amount paid divided by the hours worked falls below the minimum wage set by the statute.  *See Durland v. Straub*, No. 3:20-CV-00031-IM, 2022 WL 2704169, at *5 (D. Or. July 12, 2022).  To establish a failure to pay overtime wages, the employee must show that in a given work week, the employee worked more than forty hours and was not paid time and a half for all hours in excess of forty.  *See id*. at *6.  Those necessary specifics are supplied by the declarations of Plaintiffs, the documents attached thereto, and the supplemental briefing filed in support of the motion.  (*See* Docs. 12 & 16.)  Plaintiffs attach declarations and spreadsheets, broken down by workweek, listing: average hours worked per week; hours worked in excess of 40 hours per week; hourly wage; minimum wage per hour; unpaid minimum wage; unpaid overtime wage; weekly wage; wage paid; and FLSA liquidated damages.  (*See* Doc. 12 at 9–30.)  Plaintiffs have also provided supplemental briefing directed to their unpaid minimum wage claims.  (*See* Doc. 18.)

The undersigned finds that the allegations of the complaint, combined with the declarations of Plaintiffs, the documents attached thereto, and the supplemental briefing filed in support of the motion, establish the merits and sufficiency of Plaintiffs' claims for overtime wages and minimum wages under the FLSA.

2.      Unpaid Wages Under California Law

Claim 2, brought by Plaintiff Ramirez alone, alleges failure to pay overtime wages under the California Labor Code, which provides for overtime wages of not less than time and a half for hours worked in excess of 40 hours in a workweek.  Cal. Lab. Code § 510(a).  Claims 4, 10, 16, brought

by Plaintiffs Ramirez, Gomez, and Mendez, respectively, allege failure to pay minimum wages under California Labor Code.  *See* Cal. Lab. Code § 1182.12(a).  As set forth, *supra* n.2, under California Labor Code § 1194, "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."  Cal. Lab. Code § 1194(a).

The definition of employer for purposes of the California Labor Code is slightly different from the definition of employer under the FLSA.  *See Martinez v. Combs*, 49 Cal. 4th 35, 67 (2010).  Under California law, an employer is one who "employs or exercises control over the wages, hours, or working conditions of any person."  *Id.*  The same alleged facts that satisfy the definition of employer for purposes of the FLSA also satisfy the definition of employer under California law— Plaintiffs allegedly were employed by Defendant MCC, which is the alter ego of Defendant Cookson, *see* Doc. 1 ¶¶ 10, 19–23, and Defendant Cookson allegedly exercised control over the employment relationship, *see id.* ¶¶ 11, 12.  Moreover, the declarations of Plaintiffs, the documents attached thereto, and the supplemental briefing filed in support of the motion show Plaintiffs were not paid the overtime wages and minimum wages required under California law when they worked for Defendants in California.  (Doc. 12 at 9–30; Doc. 18-2 , 18-3, and 18-4.)

The Court finds that these documents, combined with the allegations of the complaint, establish the merits and sufficiency of Plaintiffs' claims for overtime wages and minimum wages under California law.

3.    Waiting Time Penalties Under California Law

Claims 5, 11, and 17 brought by Plaintiffs Ramirez, Gomez, and Mendez, respectively, allege failure to pay waiting time penalties in violation of California Labor Code § 203, which provides that when an employer fails to pay all compensation due at the termination of employment, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."  Cal. Lab. Code § 203(a).  The complaint alleges that Defendants failed to pay wages due, including minimum wages and overtime wages, to Plaintiffs following termination of their

employment.  (*See* Doc. 1 ¶¶ 60–64, 106–110, 152–156.)  The declarations of Plaintiffs and the documents attached thereto provide a calculation of the recovery due to each Plaintiff for 30 days of waiting time penalties.  (*See* Doc. 12 at 9–30.)  The Court finds that the allegations of the complaint, combined with the declarations of Plaintiffs and the documents attached thereto, establish the merits and sufficiency of Plaintiffs' claims for waiting time penalties under California law.

### 4.   California Unfair Competition Law

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200, creates a cause of action for business practices that are: (1) unlawful, (2) unfair, or (3) fraudulent.  *Henry v. Lehman Commer. Paper, Inc. (In re First Alliance Mortg. Co.)*, 471 F.3d 977, 995 (9th Cir. 2006).  "Its coverage has been described as sweeping, embracing anything that can properly be called a business practice and at the same time is forbidden by law."  *Id*. (internal quotations and citation omitted).  "Each prong of the UCL is a separate and distinct theory of liability; thus, the 'unfair' practices prong offers an independent basis for relief."  *Lozano v. AT & T Wireless Servs., Inc*., 504 F.3d 718, 731 (9th Cir. 2007) (citation omitted).  "By proscribing 'any unlawful' business practice, [section 17200] borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable."  *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co*., 20 Cal. 4th 163, 180 (1999) (internal quotations and citations omitted).

The predicate for Plaintiffs' claims 6 (Plaintiff Ramirez), 12 (Plaintiff Gomez), and 18 (Plaintiff Ramirez) under the UCL is Defendants' alleged violations of the wage and hour laws discussed above.  (*See* Doc. 1 ¶¶ 67–68, 113–114, 159–160.)  Because Plaintiffs' allegations, taken as true, establish violations of those statutes, Plaintiffs may "borrow" from those violations to sustain a UCL claim.  *See Cel–Tech Commc'ns, Inc.*, 20 Cal. 4th at 180.

### 5.   Rest and Meal Periods Under California Law

Claims 7, 13, and 19 brought by Plaintiffs Ramirez, Gomez, and Mendez, respectively, allege failure to provide rest periods in violation of California Labor Code §§ 226.7 and 512 and applicable wages orders.  "[E]mployers who unlawfully denied their employees a meal or rest period on any given day must pay the employees an additional hour of pay at their regular rate."  *Naranjo*

*v. Spectrum Sec. Servs., Inc*., 13 Cal. 5th 93, 105 (2022) (internal quotation marks and citations omitted).  The complaint alleges that Plaintiffs were not provided any meal or rest periods to which they were entitled while working for Defendants. (*See* Doc. 1 ¶¶ 77–81, 123–27, 168–73.) Plaintiffs' declarations and attachments thereto show that they were not given required rest and meal periods, and a calculation of the rest and meal period compensation due to each Plaintiff is provided. (*See* Doc. 12 at 9–30.)  The Court finds that these documents, combined with the allegations of the complaint, establish the merits and sufficiency of Plaintiffs' claims for denial of rest and meal periods under California law.

### 6.   Wage Statements Under California Law

Claims 8, 14, and 20 brought by Plaintiffs Ramirez, Gomez, and Mendez, respectively, allege failure to provide accurate wage statements in violation of California Labor Code § 226. California Labor Code § 226 requires employers to provide employees with accurate itemized statements in writing showing, among other things, their gross and net wages earned, total hours worked, all deductions, the dates included in the pay period, and the identifying information of the employee and employer, and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."  Cal. Lab. Code § 226(a).  These statements must be provided on a semimonthly basis or at the time of each wage payment. *See id*.  "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."  Cal. Lab. Code § 226(e).

The complaint alleges that Defendants failed to list the following information on Plaintiffs' wage statements: gross wages earned; total hours worked; net wages earned; the applicable hourly rate in effect during the pay period; the corresponding number of hours worked at each hourly rate;

and information pertaining to compensable rest and recovery periods and other nonproductive time.[3] (*See* Doc. 1 ¶¶ 83–84, 129–130, 175–176.)  Plaintiffs' declarations and attachments provide a calculation of the recovery due to each Plaintiff for the failure to provide wage statements.  (*See* Doc. 12 at 9–30.)  The Court finds that the allegations of the complaint, combined with the declarations of Plaintiffs and the documents attached thereto, establish the merits and sufficiency of Plaintiffs' claims for failure to provide wage statements under California law.

**C.**     **Factor 4: Sum of Money at Stake**

Under the fourth *Eitel* factor, the Court must consider the amount of money at stake in relation to the seriousness of Defendants' conduct.  "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions."  *Love v. Griffin*, No. 18-CV-00976-JSC, 2018 WL 4471073, at *5 (N.D. Cal. Aug. 20, 2018).  Here, Plaintiffs seek the following amounts: $108,992.20 for Plaintiff Ramirez, $54,800.00 for Plaintiff Gomez, and $54,800.00 for Plaintiff Mendez.  (*See* Doc. 12 at 2.)  In the undersigned's view, those amounts are not too large or unreasonable considering Defendants' alleged blatant violations of the FLSA and California wage and hour laws.  The fourth *Eitel* factor favors default judgment.

**D.**     **Factor 5: Possibility of Dispute**

Under the fifth *Eitel* factor, the Court considers whether there is a possibility of a dispute over any material fact.  *See Love*, 2018 WL 4471073, at *5; *Ridola v. Chao*, No. 16-CV-02246-BLF, 2018 WL 2287668, at *13 (N.D. Cal. May 18, 2018).  Because Defendants have not appeared, they are not entitled to dispute the facts established by Plaintiffs.  This factor favors default judgment.

**E.**     **Factor 6: Reason for Default**

Under the sixth *Eitel* Factor, the Court considers whether the default was due to excusable neglect.  There is no indication on this record that Defendants' failure to respond to this action was due to excusable neglect.  This factor favors default judgment.

///

---

[3] Plaintiffs' complaint refers to "Wage Statement Subclass Members." (*See* Doc. 1 ¶¶ 85, 131, 177.)  These references presumably are made in error, as no class or subclass has been certified in this case.

**F.      Factor 7: Policy Favoring Decision on the Merits**

The seventh *Eitel* factor, which is the strong policy favoring decisions on the merits, weighs against default judgment.  In cases where the other *Eitel* factors weigh in favor of default judgment, the seventh factor will not be an impediment to granting default judgment.  *See Ridola*, 2018 WL 2287668, at *13 ("Although federal policy favors decision on the merits, Rule 55(b)(2) permits entry of default judgment in situations, such as this, where a defendant refuses to litigate.").

**G.      Conclusion as the *Eitel* Factors**

All of the *Eitel* factors except the seventh weigh in favor of default judgment.  The second and third factors, which are the most important, strongly favor default judgment.  Accordingly, the undersigned will recommend that Plaintiffs' motion for default judgment against Defendants be granted in part, as explained below.

**H.      Relief Requested**

Having concluded that Plaintiffs are entitled to default judgment, the undersigned must consider whether they have established that they are entitled to the relief requested.  "Upon entry of default, a plaintiff is required to prove the amount of his damages, because neither the default nor the allegations in the complaint can establish the amount of damages."  *Lasheen v. Embassy of The Arab Republic of Egypt*, 625 F. App'x 338, 341 (9th Cir. 2015).  "The district court may determine the amount of damages without an evidentiary hearing where the amount claimed is a liquidated sum or capable of mathematical calculation."  *Id.* (internal quotation marks and citation omitted).

Plaintiffs seek damages and penalties the following amounts: $108,992.20 for Plaintiff Ramirez, $54,800.00 for Plaintiff Gomez, and $54,800.00 for Plaintiff Mendez.  (*See* Doc. 12 at 2, 9–30.)   As discussed above, Plaintiffs have submitted declarations along with spreadsheets calculating the total damages requested by each Plaintiff, as well as supplemental briefing on the calculation of their unpaid minimum wage damages.  (*See* Doc. 18.)  Plaintiffs also seek an award of attorney's fees and costs in the amount of $4,130.00 under the FLSA, supported by the declaration of Plaintiffs' counsel.  (*See* Doc. 12 at 2, 28–30.)

For the most part, the damages calculations are straightforward  and need not be addressed in detail here.  *(See, e.g.*, Doc. 12 at 9–30.)  The Court discusses in depth only a few aspects of the

request for relief, as follows.

1.      No Duplication of Wage Claims Under FLSA and State Law

Claims 1, 3, 9, and 15 request unpaid minimum and overtime wages under the FLSA, while Claims 2, 4, 10, and 16 request unpaid minimum and overtime wages under California state law.  It appears Plaintiffs do not seek a damage award under both the FLSA and California law separately, to avoid a double recovery.[4]  (*See* Doc. 12 at 9–30.)

2.      Unpaid Wage Claim Damages

In the order directing supplemental briefing, the undersigned observed that Plaintiffs calculated their damages for their unpaid minimum wage claims "using not the state-mandated hourly minimum wage, but their regular hourly wage rate instead, which is substantially higher," and ordered that Plaintiffs provide "authority to support this as an appropriate calculation for unpaid minimum wage damages under the FLSA and California law." (Doc. 16.)  Plaintiffs' supplemental briefing does not supply such authority, arguing instead, without citation, that the overtime provisions of the FLSA and the California Labor Code give rise to a "reasonable presumption that Plaintiffs would be entitled to their regular rate for their unpaid regular hours as well." (Doc. 18 at 4.)

The undersigned rejects such unsupported "presumption," finding instead that the penalty provisions of both the FLSA and the California Labor Code expressly measure the damages for unpaid minimum wage claims in terms of "minimum wages" and not regular rate wages.  *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 . . . of this title shall be liable to the employee or employees affected in the amount of their unpaid ***minimum wages*** . . . .") (emphasis added); Cal. Labor Code § 1194 ("[A]ny employee receiving less than the legal minimum wage . . . is entitled to recover in a civil action the unpaid balance of the full amount of ***this minimum wage*** . . . .") (emphasis added).

Accordingly, the undersigned recommends that the motion for default judgment be denied to the extent Plaintiffs calculate their damages for unpaid minimum wages under the FLSA and state

---

[4] Plaintiffs also do not seek a separate restitution award under the UCL (Claims 6, 12, and 18)  in their motion for default judgment.

law (Claims 3, 4, 9, 10, 15, and 16) using their regular rate of pay.  Instead, the undersigned recommends awarding Plaintiff Ramirez damages for his 15 days of unpaid wages (*see* Doc. 18-2) in the amount of **$2,700**: $1,800 (8 hours per day at $15.00 per hour applicable minimum wage rate, *see* Cal. Lab. Code § 1182.12, for 15 days) + $900 (2 overtime hours per day at $30.00 per hour rate, which is "not less than one and one-half times the regular rate at which he is employed," *see* 29 U.S.C. § 207, for 15 days).[5]  The undersigned further recommends awarding Plaintiffs Gomez and Mendez damages for their 12 days of unpaid wages (*see* Docs. 18-3 & 18-4) in the amount of **$1,440** each (8 hours per day at $15.00 per hour applicable minimum wage rate, *see* Cal. Lab. Code § 1182.12, for 12 days).[6]

### 3. Liquidated Damages

Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  29 U.S.C.A. § 216(b).  For Claims 1, 3, 9, and 15 brought under the FLSA, Moving Parties properly seek liquidated damages equal to the total recoverable unpaid minimum and overtime wages.  (*See* Doc. 12 at 9–30.)

Under California law, "[i]n any action . . . to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."  Cal. Lab. Code § 1194.2(a).  However, "[n]othing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation."  *Id*.  Plaintiffs do not seek liquidated damages for their unpaid minimum wages under state law (Claims 4, 10, 16), to avoid a double recovery.

Plaintiffs do not seek liquidated damages with respect to Claims 5, 11, and 17 (waiting time

---

[5] To avoid double recovery, Plaintiff Ramirez's overtime damages calculation as reflected on his supporting spreadsheet (Doc. 12 at 13) will be reduced by $600, the amount of missed overtime pay he claims for these workweeks.

[6] Plaintiffs' supplemental briefing indicates that Plaintiffs Gomez and Mendez worked overtime hours (*see* Docs. 18-3 and 18-4), but they do not plead such a claim in the complaint, nor does the motion for default judgment contain any calculation of unpaid overtime damages.  Thus, the undersigned declines to find that Plaintiffs Gomez and Mendez are entitled to an award of unpaid overtime wages.

penalties), Claims 7, 13, and 19 (meal and rest time premium pay), or Claims 8, 14, and 20 (wage statement penalties) brought under California law.  The undersigned finds that Plaintiffs have proved their entitlement to the requested premium pay and penalties.

### 4.     Attorney's Fees and Costs

Plaintiffs seek attorney's fees of $3,260.00 for the work of their counsel, James M. Dore, in this matter.  They also seek costs of $870.00 expended on this matter.  The undersigned recommends awarding these amounts, as discussed below.

#### a.     *Applicable Law*

Under the "American Rule," each party to a lawsuit ordinarily bears its own attorney fees unless there is express statutory authorization to award attorney fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  The FLSA provides that in addition to any judgment, an employee is entitled to reasonable attorney fees and costs of the action.  29 U.S.C. § 216(b).  Additionally, Plaintiffs are entitled to attorney fees under multiple state statutes: Cal. Lab. Code § 218.5; Cal Lab. Code § 226(e)(1); Cal. Lab. Code § 226(h); Cal. Lab. Code § 1194(a); Cal. Lab. Code § 1198.5(l); and Cal. Lab. Code § 2802(c).

Trial courts have broad discretion in determining the reasonableness of attorney fees.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The Ninth Circuit utilizes the "lodestar" approach for assessing reasonable attorney's fees, where the number of hours reasonably expended is multiplied by a reasonable hourly rate.  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 978 (9th Cir. 2008).  In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended."  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986).

The Supreme Court has explained that the loadstar amount is to be determined based upon the prevailing market rate in the relevant community.  *Blum v. Stenson*, 465 U.S. 886, 896 (1984). The "relevant legal community" for the purposes of the lodestar calculation is generally the forum in which the district court sits.  *Gonzalez*, 729 F.3d at 1205. The relevant community here is the Fresno Division of the Eastern District of California.  The standard is the "rate prevailing in the

community for similar work performed by attorneys of comparable skill, experience, and reputation." *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997) (quoting *Chalmers*, 796 F.2d at 1210–11).

### b.   Analysis

Plaintiffs seek $400 per hour for the time spent by Mr. Dore on this matter.  (*See* Doc. 12 at 28–30.)  According to Mr. Dore's declaration, he has been "practicing law for over thirteen years." (*Id.* at 28.)  Courts in the Eastern District of California, Fresno Division, however, have found that the reasonable hourly rates for competent attorneys with less than fifteen years of experience are $250 to $350 per hour.  *See, e.g., In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 839 (E.D. Cal. 2016) (concluding that appropriate rates in this community are $350 to $400 per hour for attorneys with twenty or more years of experience, $250 to $350 per hour for attorneys with less than fifteen years of experience, and $125 to $200 per hour for attorneys with less than two years of experience); *Torchia*, 304 F.R.D. at 277 (awarding attorney with seven years of experience $300.00 per hour in wage and hour class action); *Sanchez v. Frito-Lay, Inc.,* No. 1:14-CV-00797-AWI-MJS, 2015 WL 4662636, at *18 (E.D. Cal. Aug. 5, 2015) (finding reasonable rate for attorney with fourteen years of experience was $275.00 per hour in a wage and hour class action); *Jones v. Lehigh Southwest Cement Co., Inc*., No. 1:12–cv–00633–AWI, 2014 WL 346619, at *6 n.3 (E.D. Cal. Jan. 30, 2014) (awarding $280.00 and $215.00 per hour in employment action); *Williams v. Ruan Transport Corp*., No. 13–cv–01157–LJO, 2013 WL 6623254, at *6 (E.D. Cal. Dec. 16, 2013) (this Court awarded $375.00 per hour to attorney with over thirty years of experience and $325.00 per hour to attorney with fifteen years of experience in employment action).

Based on the authorities cited above, the undersigned finds that a downward adjustment to the rate requested by Mr. Dore is appropriate to reflect the prevailing rates in the Eastern District of California.  Therefore, the undersigned recommends awarding Mr. Dore attorney's fees at an hourly rate of **$300**.

Regarding the hours spent (8.15 hours), Mr. Dore has provided detailed billing records that include the date, amount of time spent, attorney name, and description of the activity being billed. (Doc. 12 at 29.)  The undersigned has reviewed the time accounting and determines that the amount

of time spent appears to be reasonable.  Accordingly, the undersigned recommends an award of attorney's fees in the amount of $2,445.00.

Finally, Plaintiffs seek an award of their costs in filing this action.  (*See id.*)  Plaintiffs assert the costs incurred totaled $870.00, which represents the filing fee ($402) and the cost of servicing the summons and complaint on Defendants ($468).  (*Id.*)  The undersigned finds these costs are reasonable.

In sum, the undersigned recommends Plaintiff's request for attorney's fees and costs be granted in part, as modified above.

## V.    CONCLUSION AND RECOMMENDATION

In view of the foregoing, IT IS HEREBY RECOMMENDED that:

1.    Plaintiffs' motion for default judgment against Defendants Michael Cookson Construction and Michael Sherman Cookson (Doc. 12) be granted in part and denied in part as to Claims 3, 4, 9, 10, 15, and 16, as set forth herein, and granted as to all other claims;

2.    Judgment be entered against Defendants Michael Cookson Construction and Michael Sherman Cookson;

3.    Plaintiff Ramirez be awarded the following damages: $23,660 in unpaid wages; $23,660 in liquidated damages; $6,000 in waiting time penalties; $38,808 for failure to provide rest and meal periods; and $4,000 for failure to provide complete and accurate wage statements;

4.    Plaintiff Gomez be awarded the following damages: $1,440 in unpaid wages; $1,440 in liquidated damages; $6,000 in waiting time penalties; $45,000 for failure to provide rest and meal periods; and $4,000 for failure to provide complete and accurate wage statements;

5.    Plaintiff Mendez be awarded the following damages: $1,440 in unpaid wages; $1,440 in liquidated damages; $6,000 in waiting time penalties; $45,000 for failure to provide rest and meal periods; and $4,000 for failure to provide complete and accurate wage statements;

6.   Plaintiffs' request for attorney's fees and costs be granted in part and denied in part, as set forth herein; and

7.   Plaintiffs be awarded their attorney's fees and costs in the amount of $3,315.00.

The Clerk of Court shall assign a district judge to this matter.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  **Within twenty-one (21) days of service of this recommendation**, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **July 24, 2023**                              /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE